

**Entered on Docket
May 10, 2006**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re:<br><br>JOHN JOSEPH FERNANDES and<br>PRISCILLA FERNANDES,<br><br>Debtors. | Case No.: BK-S-05-13214-BAM<br>Chapter 13<br><br><br>Date:  March 9, 2006<br>Time:  2:30 p.m. |

**OPINION ON DEBTOR JOHN JOSEPH FERNANDES'
MOTION TO VOLUNTARILY DISMISS HIS CHAPTER 13 CASE**

On April 16, 2005, debtors John Joseph Fernandes and Priscilla Fernandes filed a joint chapter 13 petition. On February 1, 2006, after being convicted in Nevada state court of embezzlement of $253,000 from his employer Stone Connection LLC, and after being ordered to pay Stone Connection $253,000 in restitution, John moved to voluntarily dismiss his chapter 13 case.[1] Priscilla, however, wishes to remain a chapter 13 debtor.

Stone Connection objects to John's dismissal. It claims that while the Bankruptcy Code allows joint petitions, 11 U.S.C. § 302, it does not specifically provide that a jointly filed case may be severed into its individual components. Stone Connection also alleges that the effort to sever is an impermissible and unavailing effort to insulate Priscilla from the legal consequences of John's criminal actions.

---

[1] All agree that the restitution award would be a nondischargeable debt as to John. *See* 11 U.S.C. § 1328(a)(3).

In support of its opposition, Stone Connection cites to a chapter 11 case, Devers v. Bank of Sheridan (*In re* Devers), 759 F.2d 751 (9th Cir. 1985), and to a chapter 7 case, *In re* Estrada, 224 B.R. 132 (Bankr. S.D. Cal. 1998). Both *Devers* and *Estrada* indicate that cases under those chapters cannot be severed once joined, although *Estrada* recognized that when one of the spouses in a jointly-filed chapter 7 case dies, the surviving spouse may convert his or her case (but not the case for the deceased spouse) to one under chapter 13. 224 B.R. at 136-37.

*Devers, Estrada*, and Stone Connection each recognizes that Section 302 does not automatically *consolidate* estates. Rather, it provides for the coordinated administration of two presumably related cases. *Devers*, 759 at 753 n.1; *Estrada*, 224 B.R. at 135. *See also* Ageton v. Cervenka (*In re* Ageton), 14 B.R. 833, 835 (B.A.P. 9th Cir. 1981). Put another way, an order of joint administration under Section 302 and Bankruptcy Rule 1015 does not mingle or mix the assets or claims of each estate with the other. As a result, the filing of a joint case does not, without more, affect whatever rights creditors such as Stone Connection have as against either spouse individually. *See* H.R. REP. NO. 595, 95TH CONG., 1ST SESS. 321 (1977) ("A joint case will facilitate consolidation of their estates, to the benefit of both the debtors and their creditors, because the cost of administration will be reduced, and there will be only one filing fee. . . .[Joint administration], of course, is not license to consolidate in order to avoid other provisions of the title to the detriment of either the debtors or their creditors. It is designed mainly for ease of administration"); S. REP. NO. 989, 95TH CONG., 2D SESS. 32 (1978) (same).

Here, unlike *Devers* and *Estrada*, the debtors filed under chapter 13. That fact invokes substantial policy concerns in favor of granting debtor's motion. Unlike the result for debtors under either chapter 7 or chapter 11, most courts hold that chapter 13 debtors enjoy the absolute right to dismiss their case at any time. 11 U.S.C. § 1307(b) ("On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court *shall* dismiss a case under this chapter.

Any waiver of the right to dismiss under this subsection is unenforceable.") (emphasis supplied).[2] *See also* Nash v. Kester (*In re* Nash), 765 F.2d 1410, 1413 (9th Cir. 1985) ("Under § 1307(b), a debtor has an absolute right to dismiss a Chapter 13 petition."); Croston v. Davis (*In re* Croston), 313 B.R. 447, 451 (B.A.P. 9th Cir. 2004). *See generally* 4 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 330.1 (3d ed. 2004); 5 NORTON BANKRUPTCY LAW & PRACTICE 125.4 (William L. Norton, Jr., ed. 2005). This grant of the absolute right to dismiss protects "the congressional intent that chapter 13 be completely voluntary." 8 COLLIER ON BANKRUPTCY ¶ 1307.03[1] (Alan Resnick & Henry Summers, eds., 15th rev. ed. 2006).

Since joint administration under Section 302 does not consolidate estates, and since chapter 13 debtors essentially enjoy an absolute right to dismiss, it follows that either debtor in a jointly administered case may exercise the rights given by Section 1307(b). As a result, John should be allowed to dismiss his case.

Stone Connection claims that severance will create insurmountable hurdles to confirmation of Priscilla's plan. But that is Priscilla's choice (since she did not oppose the dismissal) and Priscilla's burden. Such considerations are irrelevant to John's election to dismiss his case.

This opinion shall constitute the court's findings of fact and conclusions of law pursuant to Rule 7052. A separate order shall be entered in accordance with Rule 9021.

Copies sent to:

BNC Mailing Matrix

Zachariah Larson, Esq.; ecf@lslawnv.com

Ambrish S. Sidhu, Esq.; asidhu@lalawnv.com; ecf@lslawnv.com

Matthew C. Zirzow, sq.; bankruptcynotices@gordonsilver.com

John Joseph Fernandes
3926 Ebro Way
Las Vegas, NV 89103

---

[2] The debtor's motion was originally made under Section 1307(c), but the debtor correctly contends his reply brief that "Debtor is also eligible to dismiss under Section 1307(b) and such relief is also warranted in this case."

3

1. Priscilla Fernandes
   3926 Ebro Way
2. Las Vegas, NV 89103

3. Rick Yarnall, Trustee
   302 East Carson Avenue, #350
4. Las Vegas, NV 89101

# # #